## DANIEL HOLBROOK *versus* JAMES PRATT.

*Quod cum* in trespass bad on general demurrer.    No amendment after joinder in demurrer.    *Qu.*

THIS was an action of *trespass*.    The defendant was attached to answer to *D. H.*, of *W.*, in the county of *W.*, and state of *Connecticut*; for that *whereas* the defendant at *R.*, in *said* county, &c.

* The defendant demurred generally ; and the plaintiff  [ * 97 ] joined in demurrer.

Two exceptions were taken to the declaration: 1. that there is no positive averment of a trespass committed, but that it is laid by way of recital only, under a *quod cum* ; 2. that there is a want of *venue ;* the trespass, if any, is laid in *Connecticut ; "* in *said* county " must refer to the last antecedent, which is the county of *W.*, in *Connecticut.*

The Court (*Dana,* C. J., *Strong,* and *Thacher,* justices) gave no opinion as to the *second* exception; but they held the *first* to be fatal. (1) The counsel for the plaintiff moved to amend; refused; being after joinder in demurrer. (2)

*Declaration quashed.*

*T. Williams* for the plaintiff.
*Lisle* for the defendant.

See post, p. 104, *Walker & Al.* vs. *Maxwell,* where an amendment of a *plea* was allowed after joinder in demurrer.

(1). It has since been unanimously decided, and the opinion of the Court elaborately given by *Parsons,* C. J., that *quod cum* is bad in trespass only upon special demurrer; post, vol. ii. 358, *Coffin* vs. *Coffin.*

(2) See post, vol. ii. 82, *Perkins* vs. *Burbank,* where the Court seemed to restrict the rule that amendments and repleaders should not be granted, after joinder in demurrer, to cases where the proposed amendment went to the merits of the action